IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

KEITH ROBERTSON              *
                             *
v.                           *
                             *   Civil Action No. WMN-11-1035
DEBRA HURST                  *
                             *
     *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

**<u>MEMORANDUM</u>**

Plaintiff, proceeding pro se, filed this action to contest a levy against his wages initiated by the Internal Revenue Service (IRS). He alleged that the levy relates to tax years 1997-2001, 2003, and 2004. He further alleges that he did, in fact, file returns for the years 1997-1999 and appears to argue that any liability for those years was discharged in a bankruptcy case he filed in 2001. Plaintiff names as the sole defendant, Debra Hurst, an IRS Operations Manager. While the cause or causes of action asserted are not completely clear, Plaintiff states that he is suing for damages pursuant to 26 U.S.C. § 7433 on the grounds that Defendant's conduct violated his rights under 26 U.S.C. §§ 7604 and 7609. In addition to these claims referencing the Internal Revenue Code, Plaintiff also asserts jurisdiction under the Civil Rights Act of 1871, 42 U.S.C. § 1983, based upon the alleged violation of these same provisions and his due process rights under the Fourteenth Amendment of the United States Constitution.

The United States has filed a motion to dismiss this action, ECF No. 7, raising the following arguments: (1) to the extent Plaintiff is seeking to restrain the collection of taxes, this suit is barred by the Anti-Injunction Act; (2) to the extent Plaintiff is seeking damages under § 7433, Plaintiff's failure to first exhaust administrative remedies bars his claim; and (3) the Complaint fails to state a claim under § 1983 or §§ 7604 or 7609.[1]  The Court finds that these arguments compel the dismissal of this action in its entirety.

As will be explained below, Plaintiff relies on the provisions of §§ 7604 and 7609 of the Internal Revenue Code to rebut each of the arguments advanced by the United States.  For that reason, it is perhaps best for the Court to first address the substance and scope of those provisions.  Section 7604 relates to the enforcement of summons issued by the IRS to compel persons "to appear, to testify, or to produce books, paper, records, or other data."  26 U.S.C. § 7604(a).  Section 7609 sets out the special procedures that must be followed when a summons is issued to a third party requiring them to give testimony or produce documents related to the tax liability of another.  Thus, these sections relate to the <u>investigation</u> of

---

[1]  The United States also argues that, were Plaintiff able to challenge the levy against his wages, the United States, and not Ms. Hurst, would be the proper party.

tax liability and have no applicability to the collection of taxes, once assessed.[2]

Turning to the first argument advanced by the United States, the Anti-Injunction Act states in pertinent part:

> no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421. Thus, the Act prohibits federal courts from entertaining actions filed to restrain the assessment or collection of taxes. International Lotto Fund v. Virginia State Lottery Dept., 20 F.3d 589, 591 (4th Cir. 1994) (stating that "[n]o court is permitted to interfere with the federal government's ability to collect or assess taxes"). The Anti-Injunction Act further deprives the Court of subject matter jurisdiction to grant preliminary injunctive relief enjoining the collection of taxes. International Lotto Fund, 20 F.3d at 591 (stating that an "injunction against the collection of the tax by withholding enjoins the collection of the tax, and is

---

[2] In his "Motion Preliminary Injunction," ECF No. 3, Plaintiff cites several cases in support of his requested relief. With the exception of a single case, those decisions relate to summons issued for taxpayer records under §§ 7601 et seq. and thus are not relevant here. While the one exception, Sniadash v. Family Fin. of Bay View, 395 U.S. 337 (1969), does relate to garnishment proceedings, it has nothing to do with a levy asserted by the Government for a tax liability. In Sniadash, the Supreme Court struck down a Wisconsin garnishment statute that permits a creditor to garnish an alleged debtor's wages prior to a judgment being obtained against the debtor and without any notice or hearing prior to the seizure.

3

therefore contrary to the express language of the Anti-Injunction Act"); Rosson v. United States, 127 Fed. App'x 398, 400 (10th Cir. 2005) (finding that the Anti-Injunction Act, which prohibits suit to restrain the assessment or collection of taxes, precluded taxpayers, who were proceeding pro se, from maintaining suit seeking injunctive relief to prevent the IRS from collecting taxes from them in the future).

The two primary objectives of the Anti-Injunction Act are "(1) to allow the federal government to assess and collect allegedly due taxes without judicial interference and (2) to compel taxpayers to raise their objections to collected taxes in suits for refunds." In re Leckie Smokeless Coal Co., 99 F.3d 573, 584 (4th Cir. 1996); see also Bob Jones Univ. v. Simon, 416 U.S. 725, 736 (1974) (noting that the primary objective of the Anti-Injunction Act is to protect "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference"); Kim v. United States, 461 F. Supp. 2d. 34, 39 (D.D.C. 2006) (finding that the Anti-Injunction Act requires that the legal right to the disputed sums be determined in a suit for refund). While Plaintiff argues that the Anti-Injunction Act does not apply because the levy "is nothing more than mere allegations . . . in violation of Title 26 USC 7604 and 7609," Opp'n at 1, as noted

above, these provisions have nothing to do with the collection of taxes once assessed.

Regarding Plaintiff's claim for damages under § 7433, this statute does allow a taxpayer to bring a civil action for damages against the United States if an officer or employee of the IRS, in connection with the collection of any federal tax, recklessly, intentionally, or negligently disregards any statutory or regulatory provision.  26 U.S.C. § 7433(a).  A plaintiff may not maintain a § 7433 damages action, however, "unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  26 U.S.C. § 7433(d)(1).  The procedures for exhausting those remedies are set out in detail in 26 CFR § 301.7433-1 and Plaintiff provides no evidence that he followed those procedures before bringing this action.

Instead, Plaintiff again turns to §§ 7604 and 7609, arguing that Ms. Hurst prevented him from exhausting any administrative remedies because she "chose not to follow 26 USC 7604 and 7609 rules of proceedings and issued a levy against my wages."  Opp'n at 2.  Those provisions have no connection with the steps a plaintiff must take before bringing an action under § 7433.

Finally, in support of his due process claim under § 1983, Plaintiff complains that Ms. Hurst "did not follow the rules of procedure pursuant to Title 26 USC 7604, 7609 and Title USC 6502

5

when she issue[d] this levy against my wages." Id. The Court has explained why §§ 7604 and 7609 are irrelevant to Plaintiff's claims. Section 6502 does relate to collections after assessments and provides that the levy must be made "within 10 years after the assessment of the tax." 26 U.S.C. § 6502(a)(1). In its reply, the United States notes that while the levy relates in part to tax years 1997 through 1999, Plaintiff was not assessed for the year 1997 until May 27, 2002, and for the years 1998 and 1999 until June 9, 2003. Thus, the ten year statute of limitations for collection under § 6502, which commences on the date of assessment, has yet to expire. Aside from these alleged violations of the Internal Revenue Code, Plaintiff has advanced no basis on which to conclude that his due process rights were violated.

For these reason, the Complaint will be dismissed. A separate order will issue.

                                    _____/s/_____
                                    William M. Nickerson
                                    Senior United States District Judge


DATED: October 6, 2011