IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEITH ROBERTSON              *
                             *
v.                           *
                             *   Civil Action No. WMN-11-1035
DEBRA HURST                  *
                             *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *

**MEMORANDUM AND ORDER**

Plaintiff, proceeding pro se, filed this action to contest a levy against his wages initiated by the Internal Revenue Service. On October 6, 2011, this Court dismissed the Complaint on a number of grounds. See ECF No. 12. Plaintiff has filed a motion asking for reconsideration of that decision, ECF No. 14, continuing to argue that his federal income tax liability for the years 1997, 1998, and 1999 were discharged in his 2001 bankruptcy case. In support of that argument, Plaintiff re-submits an October 18, 2001, filing of the United States in his bankruptcy case noting that Plaintiff had filed his 1998 Federal income tax return and a December 6, 2001, filing of the United States in his bankruptcy case noting that Plaintiff had filed his 1999 Federal income tax return. Plaintiff also submitted a "Proof of Claim" submitted by the United States in his bankruptcy action listing his 1997 income tax liability, "pending assessment."

At the time of Plaintiff's bankruptcy, section 523 of the Bankruptcy Code provided that a discharge "does not discharge an individual debtor from any debt – (1) for a tax or custom duty - . . . (B) with respect to which a return, if required - . . . (ii) was filed after the date on which such return was last due, under applicable law or any extension, and after two years before the date of the filing of the petition." 11 U.S.C. § 523(a)(1)(B)(ii).[1] Thus, a tax liability is not dischargeable in bankruptcy if it relates to a return that was untimely filed and was filed after the date two years prior to the filing of the bankruptcy petition. Plaintiff claims that the government falsely represented that he never filed returns for the tax years 1997-99. ECF No. 17 at 2. What the government represents, and Plaintiff does not dispute, is that the returns for those years were untimely filed and were filed after Plaintiff filed his bankruptcy petition. Therefore, under § 523(A)(1)(B)(ii), liability related to those returns was not discharged.

Accordingly, and for the reasons stated in this Court's previous memorandum, it is this 3rd day of January, 2012, by the

---

[1] This provision was amended in 2005 to insert the words, "or equivalent report or notice" after the word "return" in subpart (1)(B) and to insert the words "report, or notice" after the word "return" in subpart (1)(B)(ii).

United States District Court for the District of Maryland, ORDERED:

(1) That Plaintiff's Motion for Reconsideration, ECF No. 14, is DENIED; and

(2) That the Clerk of the Court shall mail or transmit a copy of this Memorandum and Order to Plaintiff and all counsel of record.

```
_____/s/_____
William M. Nickerson
Senior United States District Judge
```